UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE A. DYKES, | ) | CASE NO.1:06CV308 |
| | ) | 1:02CR036 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner Ronnie A. Dykes' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF #1). For the following reasons, the Court denies Petitioner's Motion.

## FACTS

On January 29, 2002, Petitioner Ronnie A. Dykes and three co-defendants were indicted on six counts. Petitioner was charged with Conspiracy to Possess with Intent to Distribute in Excess of 500 Grams of Cocaine and in Excess of 5 Grams of Cocaine-Base (crack-cocaine), in violation of 21 U.S.C. §846 (Count 1), and: Possession with Intent to Distribute Approximately

1

26.55 Grams of Cocaine Base (crack-cocaine), in violation of 21 U.S.C. §841 (a)(1) (Count 4).

On May 20, 2002, Petitioner and the Government entered a Plea Agreement whereby Petitioner pled guilty to Count 4 of the indictment. The Government dismissed Count 1 of the indictment against Petitioner. By the express terms of the Plea Agreement, Petitioner stipulated that the amount of cocaine-base attributable to Petitioner was 26.55 grams. Petitioner also stipulated he was a career offender pursuant to U.S.S.G. §4B1.1. based on his prior convictions. The parties then stipulated Petitioner's base offense level for Count 4 was 34.

On August 28, 2002, Petitioner was sentenced to one hundred eighty-eight months incarceration and four years of supervised release. Petitioner did not directly appeal his conviction or sentence.

On February 8, 2006, Petitioner filed this Motion to Vacate, alleging his sentence was unconstitutional pursuant to *Booker v. United States*, 543 U.S. 220 (2005). Petitioner alleges he agreed to plea in exchange for a sentence of one hundred twenty months. Instead, the Court sentenced him to one hundred eighty-eight months incarceration. Petitioner contends he was sentenced under the United States Sentencing Guidelines which were determined to be unconstitutional by *Booker*. Petitioner alleges *Booker* applies retroactively because it is a mere extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was determined prior to Petitioner's conviction and sentence.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ·· claiming the right to be released ··· may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a §2255 motion, the movant must

2

allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

28 U.S.C §2255 contains four grounds upon which a claimant may warrant relief: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.' *Hill v. United States,* 368 U.S. 424, 426-7 (1962).

## ANALYSIS

The Government contends, and this Court agrees, arguments not raised on direct appeal may be procedurally defaulted. See *United States v. Addonzio,* 442 U.S. 178, 184 (1979). Petitioner never challenged his sentence on direct appeal. As the Sixth Circuit held in *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996) "nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal." Petitioner never argued on direct appeal he was induced to plead by promises of a shorter sentence. Therefore, the Court finds he waived his right to assert this claim on collateral attack.

In the Plea Agreement of May 20, 2002, Petitioner expressly waived his right "to raise and/or appeal and/or file any post-conviction writs of habeas corpus concerning any matters pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections to the Court's entry of judgment against defendant and imposition

3

of sentence under Title 18, United States Code, Section 3742 (sentence appeals." (Plea Agreement at para. 13).

Petitioner further acknowledged he read the Plea Agreement and that his plea was made freely and voluntarily and "no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty." (Plea Agreement at para. 14). Therefore, the Court finds Petitioner expressly waived his right to challenge the length of his sentence under 28 U.S.C. §2255. Furthermore, Petitioner also expressly stated in his Plea Agreement there were no promises outside the express terms of the Agreement that induced him to plead. Having received the benefit of the Plea Agreement, including the dismissal of one count, having waived his right to file a habeas challenge to his sentence and having expressly stipulated no promises outside the express terms of the Agreement induced him to plead, the Court finds Petitioner is barred from challenging the term of his sentence collaterally.

"Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). Petitioner has failed to provide any evidence or affidavit attesting to the allegations alleged in his motion to vacate. The only factual dispute he raises is whether the Government promised him a shorter sentence than what he eventually received, in return for his plea. Having determined Petitioner waived his right to challenge the term of his sentence and having determined Petitioner expressly stipulated in the Plea Agreement no such promise was made, the Court finds he cannot demonstrate a legitimate factual dispute. Therefore, Petitioner has created no genuine issue of fact requiring this Court hold an evidentiary hearing and his request for a

4

hearing is denied.

The Government argues Petitioner's Motion is untimely. Petitioner was sentenced on August 28, 2002, and never appealed his conviction or sentence. He filed this Motion on February 8, 2006.

The limitation period for bringing a 28 U.S.C. §2255 claim states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's motion appears to contend the United States Supreme Court's holding in *Booker* retroactively applies to his sentence, permitting him relief.[1] However, since the *Booker* opinion was issued on January 12, 2005, and Petitioner's Motion was filed February 8, 2006, Petitioner's Motion is untimely under any calculation afforded under 28 U.S.C. §2255. Also, Booker has been expressly determined to be nonretroactive to §2255 cases on collateral review. See *United States v. Humphress*, 398 F.3d 855, 857 (6th Cir. 2005.) Petitioner's conviction became final on September 10, 2002. He fails to state any impediment by government action restricting his ability to file a §2255 motion and fails to allege any newly discovered facts

---

[1] The Court finds Petitioner's Motion fails to state a *Booker* claim. Petitioner's sentence was based on facts stipulated to in the Plea Agreement. His sentence was not enhanced based on facts determined by the Judge, as opposed to a jury.

5

supporting his claims. Therefore, Petitioner's motion is untimely and is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held.

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

8/30/07
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

6